

New Search   Expand All

| Case Number | Filed Date | County | Case Type | Status | Contested | Jury Trial |
|---|---|---|---|---|---|---|
| 282018CA000725GCAXMX [18000725GCAXMX] | 12/17/2018 | HIGHLANDS | Circuit Civil 3-D | ACTIVE | No | Yes |

| Filing Date | Description | Active | Contested | Judgment Date |
|---|---|---|---|---|
| 12/17/2018 | Discrim Employment/Other | YES | NO | - |

| Party Name | Party Type | Attorney | Bar ID |
|---|---|---|---|
| WARD, DAVID VINCENT | JUDGE | | |
| SPANCRETE SOUTHEAST INC | DEFENDANT | | |
| MCSHEFFREY, WENDY | PLAINTIFF | STORCH, NOAH E | 85476 |

## Dockets

### Page : 1    ALL ▾

| Image | Doc # | Action Date | Description | Pages |
|---|---|---|---|---|
| 🗎 | 12 | 01/02/2019 | SUMMONS SERVED 12/21/18 (SPANCRETE SOUTHEAST INC) CORP | 1 |
| 🗎 | 11 | 12/17/2018 | SUMMONS ISSUED TO ATTY BY CKW (SPANCRETE SOUTHEAST) | 3 |
| | 10 | 12/17/2018 | Judge: HELMS , LARRY Assigned | |
| 🗎 | 8 | 12/17/2018 | SUMMONS TO BE ISSUED BY CLERK ($10.00 FEE) | 3 |
| 🗎 | 7 | 12/17/2018 | COMPLAINT AND DEMAND FOR JURY TRIAL | 8 |
| 🗎 | 6 | 12/17/2018 | CIVIL COVER SHEET | 2 |
| 🗎 | 9 | 12/17/2018 | EPORTAL RECEIPT | 1 |
| | 5 | 12/17/2018 | Payment received. Receipt Number: MX 160252 | |
| | 4 | 12/17/2018 | Assessment 1 Total Assessed $410.00 Balance Remaining $0.00 | |
| | 3 | 12/17/2018 | Assessment 1 assessed at sum $410.00 | |
| | 2 | 12/17/2018 | Attorney: Assigned to FACC.CLERICUS.Identity.NamesBAO | |
| | 1 | 12/17/2018 | Case 282018CA000725GCAXMX Filed with Clerk on 12/17/2018 | |

## Judge Assignment History

| Assigned Date | Withdraw Date | Judicial Officer | Type |
|---|---|---|---|
| 12/17/2018 | - | HELMS, LARRY | |

## Court Events

| Event Date | Judge | Docket Type | Location | Prosecutor | Defendant Attorney |
|---|---|---|---|---|---|
| No records found. | | | | | |

## Financial Summary

| Financial Summary | | | |
|---|---|---|---|
| Assessment | Total: $410.00 | Paid to Date: $410.00 | Balance Due: $0.00 |
| Restitution | Total: $0.00 | Paid to Date: $0.00 | Balance Due: $0.00 |

| Financial Details | | | | | |
|---|---|---|---|---|---|
| Count | Assessment Due | Assessment Paid to Date | Restitution Due | Restitution Paid to Date | Last Payment Date |
| | $410.00 | $410.00 | $0.00 | $0.00 | - |

## Reopen History

| Reopen Date | Reopen Close Date | Reopen Reason |
|---|---|---|
| No records found. | | |

# Exhibit A



## --COPY RECEIPT --

## E-Portal  Order Number: 23386819

### 12/17/2018 12:25:56

**Service Information**

**CaseName:** WENDY MCSHEFFREY VS SPANCRETE SOUTHEAST INC

**CaseNumber:** 18000725GCAXMX

**Filing #:** 82195687

**Memo:**

**Payment Amount**

**Amount:** $410.00

**Service Fee:** $14.35

**Total:** $424.35

**Credit Card Info**

**Name on Card:** Noah E. Storch

**Card Number:** ▮▮▮▮▮▮▮

There is a non-refundable 14.35 fee per transaction to provide this service.
This service fee is charged by MyFloridaCounty.com. The Clerk's office does not keep any part of this fee.
Your Credit Card Statement will display the vendor name of MyFloridaCounty.com for billing details.
For information on refunds or for general inquiries, please call customer support on (877) 326 8689.

Case 2:18-cv-14009-RLR Document 1-1 Entered on FLSD Docket 01/10/2019 Page 3 of 21

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.     CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>TENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>HIGHLANDS</u>   COUNTY, FLORIDA

Case No.:_____
Judge: _____

WENDY MCSHEFFREY
Plaintiff
vs.
SPANCRETE SOUTHEAST INC
Defendant

**II.     TYPE OF CASE**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence – other
  ☐ Business governance
  ☐ Business torts
  ☐ Environmental/Toxic tort
  ☐ Third party indemnification
  ☐ Construction defect
  ☐ Mass tort
  ☐ Negligent security
  ☐ Nursing home negligence
  ☐ Premises liability – commercial
  ☐ Premises liability – residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
  ☐ Commercial foreclosure $0 - $50,000
  ☐ Commercial foreclosure $50,001 - $249,999
  ☐ Commercial foreclosure $250,000 or more
  ☐ Homestead residential foreclosure $0 – 50,000
  ☐ Homestead residential foreclosure $50,001 - $249,999
  ☐ Homestead residential foreclosure $250,000 or more
  ☐ Non-homestead residential foreclosure $0 - $50,000
  ☐ Non-homestead residential foreclosure $50,001 - $249,999

☐ Non-homestead residential foreclosure $250,00 or more
☐ Other real property actions $0 - $50,000
☐ Other real property actions $50,001 - $249,999
☐ Other real property actions $250,000 or more

☐ Professional malpractice
  ☐ Malpractice – business
  ☐ Malpractice – medical
  ☐ Malpractice – other professional
☒ Other
  ☐ Antitrust/Trade Regulation
  ☐ Business Transaction
  ☐ Circuit Civil - Not Applicable
  ☐ Constitutional challenge-statute or ordinance
  ☐ Constitutional challenge-proposed amendment
  ☐ Corporate Trusts
  ☒ Discrimination-employment or other
  ☐ Insurance claims
  ☐ Intellectual property
  ☐ Libel/Slander
  ☐ Shareholder derivative action
  ☐ Securities litigation
  ☐ Trade secrets
  ☐ Trust litigation

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**III.**   **REMEDIES SOUGHT** (check all that apply):

☒   Monetary;

☐   Non-monetary declaratory or injunctive relief;

☐   Punitive

**IV.**   **NUMBER OF CAUSES OF ACTION: (     )**
(Specify)

2

**V.**   **IS THIS CASE A CLASS ACTION LAWSUIT?**

☐   Yes

☒   No

**VI.**   **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**

☒   No

☐   Yes – If "yes" list all related cases by name, case number and court:

**VII.**   **IS JURY TRIAL DEMANDED IN COMPLAINT?**

☒   Yes

☐   No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature s/ Noah E. Storch      FL Bar No.: 85476
      Attorney or party                                                              (Bar number, if attorney)

Noah E. Storch          12/17/2018
    (Type or print name)                                              Date

IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR HIGHLANDS COUNTY, FLORIDA

WENDY MCSHEFFREY,                              CASE NO.:

      Plaintiff,

vs.

SPANCRETE SOUTHEAST, INC.,
a Florida Profit Corporation,

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, WENDY McSHEFFREY ("Ms. McSheffrey" or
"Plaintiff"), by and through her undersigned counsel, and sues the Defendant,
SPANCRETE SOUTHEAST, INC. a Florida profit corporation ("SS" or Defendant") and
alleges the following:

1.    Plaintiff brings these claims for disability discrimination against Defendant
for its unlawful termination of Plaintiff based upon her disability, or "perceived disability,"
in violation of the Florida Civil Rights Act, Chapter 760, FLA. STAT. ("FCRA"), and the
Americans with Disabilities Act of 1990, as amended. *42 U.S.C. § 12101 et seq.* ("ADA").
Plaintiff is seeking damages including back pay, front pay, compensatory damages, punitive
damages, and her attorneys' fees and costs.

### JURISDICTION

2.    The Court has original jurisdiction over Plaintiff's ADA claims pursuant to
28 U.S.C. § 1331 as they arise under 42 U.S.C. § 12101 *et seq.* The Court also has
jurisdiction over Plaintiff's state law claim, as this claim is so related to Plaintiff's ADA

claim that it forms part of the same case or controversy. Specifically, Plaintiff was discriminated against, treated differently than other employees, and ultimately fired, solely because of her disability, and/or "perceived disability."

## VENUE

3.      Venue is proper because Defendant conducts substantial business in Highlands County, Florida, and Plaintiff worked for Defendant in Highlands County, Florida, where the actions at issue took place.

## PARTIES

4.      At all times material, Plaintiff was protected during her employment with Defendant by the FCRA and ADA because:

a.      She was a disabled or "perceived as disabled" employee who suffered discrimination because of her disability or "perceived disability" by Defendant; and

b.      She suffered an adverse employment action as a result of her disability or "perceived disability."

5.      Defendant was at all material times an "employer" as envisioned by the FCRA and ADA.

## CONDITIONS PRECEDENT

6.      Plaintiff, on or about December 18, 2015, dual filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant under the ADA and FCRA.

7.      On September 26, 2018, the EEOC issued a Letter of Determination stating that the: "Commission concludes that the evidence obtained in the investigation establishes reasonable cause to believe that [Defendant] discriminated against [Plaintiff] because of her

disability, as alleged."

8.      On December 6, 2018, the EEOC issued Plaintiff a Notice of Right to Sue, stating that the: "EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the [Defendant] that would provide relief for [Plaintiff]."

9.      Plaintiff timely files this action within the applicable period of limitations against Defendant.

10.     All conditions precedent to this action have been satisfied and/or waived.

## GENERAL ALLEGATIONS

11.     Ms. McSheffrey worked as a human resources generalist for SS from July 6, 2015, until her termination on October 16, 2015.

12.     Ms. McSheffrey was diagnosed with uterine cancer on July 17, 2015.

13.     Ms. McSheffrey advised her supervisor, Toni Muise, of this diagnosis on July 20, 2015.

14.     At that time, SS assured Ms. McSheffrey that she would not lose her job due to her diagnosis or disability.

15.     Ms. McSheffrey was scheduled for a total hysterectomy on August 13, 2015.

16.     She was out of work two (2) weeks and returned full-time on August 31, 2015.

17.     On September 25, 2015, Ms. McSheffrey's doctor informed her that the cancer had been successfully excised but that six (6) chemotherapy sessions were necessary to be on the safe side.

18.    Ms. McSheffrey immediately informed SS that she would need six (6) chemotherapy sessions in the coming months, and that she would use vacation and any other PTO time to the extent possible and otherwise planned to continue working full-time.

19.    Ms. McSheffrey had her first chemo treatment on October 9, 2015.

20.    Her next appointment for chemo was three (3) weeks later.

21.    In the mean time, when Ms. McSheffrey reported to work on October 16, 2015, SS VP of Human Resources, Scott Bertschinger, approached Ms. McSheffrey and notified her that SS had terminated her employment.

22.    Mr. Betschinger claimed that Ms. McSheffrey was being fired for "performance issues" but, when pressed, was unable to be specific about any such "issues."

23.    During her employment, Ms. McSheffrey was never given any verbal or written warning of any such "issues," was not subjected to any sort of progressive discipline, and was not placed into any sort of performance improvement plan or status.

24.    To the contrary, other non-disabled employees with performance issues were documented and notified of their performance concerns before being disciplined and/or terminated.

25.    Upon information and belief, Plaintiff was replaced by a non-disabled employee and/or her job duties were assumed by a non-disabled employee.

26.    Defendant's actions in this regard violate the ADA and FCRA's requirements.

27.    By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA and the FCRA.

28.     At all material times hereto, Plaintiff was ready, willing and able to perform her job duties and otherwise qualified for her position.

29.     Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity, but was treated by Defendant as if it did.

30.     Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

31.     Defendant does not have a legitimate non-discriminatory rationale for terminating Plaintiff's employment.

32.     Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant, during her employment. Therefore, he is the member of protected classes as envisioned by the ADA and the FCRA.

33.     Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately termination, because of her disability and/or "perceived disability."

**COUNT I:**

**AGAINST DEFENDANT FOR DISCRIMINATION UNDER THE ADA
BASED ON DISABILITY**

34.     Plaintiff realleges and adopts the allegations contained in paragraphs 1-33 as if fully set forth in this Count.

35.     The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

36.     The discrimination/harassment to which Plaintiff was subjected was based on her disability and/or "perceived disability."

37.     The conduct of Defendant its agents and employees proximately, directly,

5

and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

38.     The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

39.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the ADA.

40.     Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

## **REQUEST FOR RELIEF AS TO COUNT I**

**WHEREFORE**, Plaintiff prays that this Court will:

41.     Issue a declaratory judgment that the discrimination against Plaintiff by Defendant was a violation of Plaintiff's rights under the ADA;

42.     Require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

43.     Grant Plaintiff a judgment against Defendant for damages, including compensatory, emotional, punitive, and other damages permissible by law;

44.     Award Plaintiff her reasonable attorney's fees and litigation expenses against Defendant pursuant to the ADA.

45.     Provide any additional relief that this Court deems just.

46.

**COUNT II:**

**AGAINST DEFENDANT FOR DISCRIMINATION UNDER THE FLORIDA CIVIL RIGHTS ACT BASED ON DISABILITY**

47.     Plaintiff realleges and adopts the allegations contained in paragraphs 1-33, as if fully set forth in this Count.

48.     The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the Florida Civil Rights Act, Chapter 760, FLA. STAT.

49.     The discrimination to which Plaintiff was subjected was based on her disability, or "perceived disability."

50.     The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

51.     The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

52.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 760.11(5), FLA. STAT.

53.     Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**REQUEST FOR RELIEF AS TO COUNT II**

**WHEREFORE**, Plaintiff prays that this Court will:

54.     Issue a declaratory judgment that the discrimination/harassment against

7

Plaintiff by Defendant was a violation of Plaintiff's rights under the FCRA;

55.     Requiring that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

56.     Grant Plaintiff a judgment against Defendant for damages, including compensatory, emotional, punitive, and other damages permissible by law;

57.     Award Plaintiff her reasonable attorney's fees and litigation expenses against Defendant pursuant to 760.11(5), FLA. STAT.; and

58.     Provide any additional relief that this Court deems just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated this 17th day of December 2018.

Respectfully submitted,

*By:* /s/  *NOAH E. STORCH*
**Noah E. Storch, Esq**.
Florida Bar No. 0085476
**RICHARD CELLER LEGAL, P.A.**
7450 Griffin Rd., Ste 230
Davie, FL 33314
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-Mail: Noah@floridaovertimelawyer.com

*Attorneys for Plaintiff*

**IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT**
**IN AND FOR HIGHLANDS COUNTY, FLORIDA**

WENDY MCSHEFFREY,                   CASE NO.:

      Plaintiff,

vs.

SPANCRETE SOUTHEAST, INC.,
a Florida Profit Corporation,

      Defendant.

_____/

**SUMMONS**
**PERSONAL SERVICE**
**ON A CORPORATION**

TO:   **SPANCRETE SOUTHEAST, INC,**
       **c/o TODD E. BACKUS - REGISTERED AGENT**
       **400 DEER TRAIL EAST**
       **SEBRING, FL 33876**

IMPORTANT

A lawsuit has been filed against you. You have twenty (20) calendar days after this Summons is served on you to file a written response to the attached Complaint in this Court. A phone call will not protect you; your written response, including the above case number and named parties, must be filed if you want the Court to hear your case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court, you must also mail or take a carbon copy or photocopy of your written response to the "Plaintiff(s)/Plaintiff's Attorney" named below.

                               Noah E. Storch, Esq.
                               Richard Celler Legal, P.A.,

7450 Griffin Road, Suite 230
Davie, Florida 33314
Tel: (866) 344-9243
Fax: (954) 337-2771
E-Mail:
**noah@floridaovertimelawyer.com**

Si desea responder a su demanda por escrito por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, usted debe enviar por correo o entregar personal mente una copia de su respuesta a la personal denominada abajo como "Plaintiff/Plaintiff's Attorney." (Demandante o Abogado del Demandante).

Noah E. Storch, Esq.
Richard Celler Legal, P.A.,
7450 Griffin Road, Suite 230
Davie, Florida 33314
Tel: (866) 344-9243
Fax: (954) 337-2771
E-Mail:
**noah@floridaovertimelawyer.com**

THE STATE OF FLORIDA:

TO EACH SHERIFF OF THE STATE: You are commanded to serve this Summons and a copy of the Complaint in this lawsuit on the above-named Defendant(s).

DATED ON _____, 2018

_____
CLERK OF THE CIRCUIT COURT
HIGHLANDS COUNTY, FLORIDA

(Seal)

By: _____
       Deputy Clerk

## REQUEST FOR ACCOMMODATIONS BY PERSONS WITH DISABILITIES

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Office of the Court Administrator, (863) 534-4690, within two (2) working days of your receipt of this (describe notice); if you are hearing or voice impaired, call TDD (863) 534-7777 or Florida Relay Service 711.



IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR HIGHLANDS COUNTY, FLORIDA

WENDY MCSHEFFREY,                                CASE NO.: *GC 18- 725*

        Plaintiff,

vs.

SPANCRETE SOUTHEAST, INC.,
a Florida Profit Corporation,

        Defendant.

_____/

## SUMMONS
## PERSONAL SERVICE
## ON A CORPORATION

TO:   **SPANCRETE SOUTHEAST, INC,**
      **c/o TODD E. BACKUS - REGISTERED AGENT**
      **400 DEER TRAIL EAST**
      **SEBRING, FL 33876**

### IMPORTANT

A lawsuit has been filed against you. You have twenty (20) calendar days after this
Summons is served on you to file a written response to the attached Complaint in this Court. A
phone call will not protect you; your written response, including the above case number and
named parties, must be filed if you want the Court to hear your case. If you do not file your
response on time, you may lose the case, and your wages, money, and property may thereafter be
taken without further warning from the Court. There are other legal requirements. You may want
to call an attorney right away. If you do not know an attorney, you may call an attorney referral
service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written
response to the Court, you must also mail or take a carbon copy or photocopy of your written
response to the "Plaintiff(s)/Plaintiff's Attorney" named below.

                                 Noah E. Storch, Esq.
                                 Richard Celler Legal, P.A.,

7450 Griffin Road, Suite 230
Davie, Florida 33314
Tel: (866) 344-9243
Fax: (954) 337-2771
E-Mail:
**noah@floridaovertimelawyer.com**

Si desea responder a su demanda por escrito por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, usted debe enviar por correo o entregar personal mente una copia de su respuesta a la personal denominada abajo como "Plaintiff/Plaintiff's Attorney." (Demandante o Abogado del Demandante).

Noah E. Storch, Esq.
Richard Celler Legal, P.A.,
7450 Griffin Road, Suite 230
Davie, Florida 33314
Tel: (866) 344-9243
Fax: (954) 337-2771
E-Mail:
**noah@floridaovertimelawyer.com**

THE STATE OF FLORIDA:

TO EACH SHERIFF OF THE STATE: You are commanded to serve this Summons and a copy of the Complaint in this lawsuit on the above-named Defendant(s).

DATED ON _December_ 2018

**ROBERT W. GERMAINE, CLERK**

CLERK OF THE CIRCUIT COURT
HIGHLANDS COUNTY, FLORIDA

(Seal)

By: _____
Deputy Clerk

## REQUEST FOR ACCOMMODATIONS BY PERSONS WITH DISABILITIES

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Office of the Court Administrator, (863) 534-4690, within two (2) working days of your receipt of this (describe notice); if you are hearing or voice impaired, call TDD (863) 534-7777 or Florida Relay Service 711.



# RETURN OF SERVICE

**State of Florida**                     **County of Highlands**                          **Circuit Court**

Case Number: GC18-725

Plaintiff:
**WENDY MCSHEFFREY**

TPL2018178198

vs.

Defendant:
**SPANCRETE SOUTHEAST, INC., A FLORIDA PROFIT CORPORATION**

For:
Noah E. Storch
RICHARD CELLER LEGAL, P.A.
7450 Griffin Rd., Ste 230
Davie, FL 33314

Received by Bobby Smith Jr. on the 18th day of December, 2018 at 12:20 pm to be served on **SPANCRETE SOUTHEAST, INC, C/O TODD E. BAKUS - REGISTERED AGENT, 400 DEER TRAIL EAST, SEBRING, FL 33876**.

I, Bobby Smith Jr., do hereby affirm that on the **21st day of December, 2018** at **10:06 am, I:**

served an **EMPLOYEE** of the **CORPORATION** by delivering a true copy of the **Summons Personal Service On A Corporation and Complaint and Demand for Jury Trial.** with the date and hour of service endorsed thereon by me, to: **JULIE MACAIA** as **FRONT DESK,** and who stated they are authorized to accept service on behalf of **SPANCRETE SOUTHEAST, INC, C/O TODD E. BAKUS - REGISTERED AGENT** in the absence of the Registered Agent, President, Vice President, and all other officers, at the address of: **400 DEER TRAIL EAST, SEBRING, FL 33876,** pursuant to F.S. 48.081(3a) and informed said person of the contents therein, in compliance with state statutes.

**Additional Information pertaining to this Service:**
Actual service location: 27.43614, -81.38134

**Description** of Person Served: Age: 47, Sex: F, Race/Skin Color: White, Height: 5'7", Weight: 180, Hair: Light Brown, Glasses: N

Under penalty of perjury, I declare that I have read the foregoing Affidavit/Return of Service and that the facts stated in it are true. Also I certify that I am over the age of 18, have no interest in the above action, and I am a Certified Process Server, in good standing, in the judicial circuit in which the process was attempted or served. Furthermore, I have personal knowledge to this Affidavit/Return of Service. No notary required pursuant to F.S. 92.525(2).

**Bobby Smith Jr.**
Certified Process Server CA879

**Tropical Surveillance & Investigations, Inc.**
**P.O. Box 173019**
**Tampa, FL 33672**
**(813) 282-0074**

Our Job Serial Number: TPL-2018178198
Ref: MCSHEFFREY, WENDY

IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR HIGHLANDS COUNTY, FLORIDA

WENDY MCSHEFFREY,

      Plaintiff,

v.                              CASE NO:  18-CA-000725

SPANCRETE SOUTHEAST, INC.,
a Florida Profit Corporation
      Defendants.
_____/

**NOTICE OF APPEARANCE ON BEHALF OF DEFENDANT,**
**SPANCRETE SOUTHEAST, INC., AND DESIGNATION OF EMAIL ADDRESSES**

      PLEASE TAKE NOTICE that Bradley S. Bell, Esq., and Michael T. Relihan, Esq., of the

Bell Law Group, P.A., hereby appear as counsel of record for Defendant, SPANCRETE

SOUTHEAST, INC.  The undersigned requests that he be furnished copies of all pleadings, notices

and other documents filed in this cause.

      Defendant, in compliance with Rule 2.516, Florida Rules of Judicial Administration, and

Florida Supreme Court Decision 10-2101, hereby designates the following email addresses for the

purpose of receiving pleadings, notices and other documents filed in this cause:

Primary Email Addresses:
bbell@bbellpa.com
mrelihan@bbellpa.com

Secondary Email Address:
eservice@bbellpa.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that true and correct copy of the foregoing was electronically filed with the Clerk of the Court by using the Florida Courts E-Portal system, which will send a notice of electronic filing to Noah E. Storch, Esq. (noah@floridaovertimelawyer.com), Richard Cellar Legal, P.A., 7450 Griffin Road, Suite 230, Davie, Florida 33314 on this 10th day of January, 2019.

/s/ Bradley S. Bell
BRADLEY S. BELL, ESQ.
Florida Bar No.: 184306
MICHAEL T. RELIHAN, ESQ.
Florida Bar No.: 116053
BELL LAW GROUP, P.A.
407 N. Howard Ave.
Suite 201
Tampa, FL 33606
Telephone: (813) 867-4522
Facsimile: (813) 867-4542
bbell@bbellpa.com
mrelihan@bbellpa.com
Attorneys for Defendants
Secondary Email for Service:
eservice@bbellpa.com

2